**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUZANNE M. AINSLIE; et al., | No. 09-15847 |
| Plaintiffs - Appellants, and | D.C. No. 2:05-cv-02649-GEB-EFB |
| BENJAMIN G. GARCIA; et al., | |
| Plaintiffs, v. | MEMORANDUM[*] |
| CITIZENS TELECOMMUNICATIONS COMPANY OF CALIFORNIA, INC.; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Two individuals formerly employed as fire lookouts, and members of their families, appeal pro se from the district court's judgment in their action claiming that defendants caused them to be exposed to electromagnetic radiation in excess of federally-permissible limits and thereby violated 47 U.S.C. § 206 and California state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Proctor v. Vishay Intertechnology*, *Inc.*, 584 F.3d 1208, 1218 (9th Cir. 2009). We affirm.

The district court dismissed the plaintiffs' claim of strict liability based on ultrahazardous activity. By failing to raise any arguments in their opening brief addressing the district court's ruling on this claim, the plaintiffs waived this challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

The district court properly granted summary judgment on the claims of negligence per se and violation of 47 U.S.C. § 206. Those claims were litigated and decided in an earlier state court action brought by some of the plaintiffs here (with whom the remainder are in privity). *See Jasso v. Cal. Dep't of Forestry*, Superior Court of California, County of Lassen No. 41697*; see also First Nat'l Bank v. Russell (In re Russell)*, 76 F.3d 242, 244-45 (9th Cir. 1996) (describing the elements of collateral estoppel under California law to be: (1) the issue decided in the earlier case is identical to the issue presented, (2) the earlier case culminated in

a final judgment on the merits, and (3) the party against whom estoppel is asserted was a party to, or was in privity with a party to, the earlier case).

**AFFIRMED.**